# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD JAMES HAYNES,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
NY-0752-15-0321-I-1

DATE: February 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward James Haynes, Fairlawn, New Jersey, pro se.

Anne M. Gallaudet, Esquire, New York, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2     Effective August 12, 2015, the agency removed the appellant from his Mail Handler position.  Initial Appeal File (IAF), Tab 7 at 8.[2]  The appellant appealed his removal to the Board and requested a hearing.  IAF, Tab 1.  The agency filed a motion to dismiss the appeal for lack of jurisdiction.  IAF, Tab 7 at 4-6.  In an order to show cause, the administrative judge informed the appellant that the Board may lack jurisdiction over his appeal.  IAF, Tab 8 at 1.  The administrative judge apprised the appellant of his burden of proving the following for the Board to exercise jurisdiction over his appeal as a Postal Service employee:  (1) that he is a preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) that he has completed 1 year of current, continuous service in the same or similar position.  *Id*.; *see* 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).  The administrative judge ordered the appellant to file evidence and argument on the jurisdictional issue, but the appellant did not respond.  IAF, Tab 8 at 1.

¶3     Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID) at 1, 4.  The administrative judge found that the appellant failed to raise a nonfrivolous allegation that he is an employee entitled to appeal a removal action to the Board.  ID at 3-4.

¶4     The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded, PFR File, Tab 3.  The appellant also has filed a motion to waive the time limit.  PFR File, Tab 4.

¶5     Generally, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days

_____

[2] The administrative judge made a typographical error in stating that the effective date of the appellant's removal was "August 21, 2015."  IAF, Tab 9, Initial Decision at 1.

after the date he received the initial decision. 5 C.F.R. § 1201.114(e). In the case of e-filers, like the appellant, documents are deemed received on the date of electronic submission. IAF, Tab 1 at 2; *see* 5 C.F.R. § 1201.14(m)(2). Here, the administrative judge issued the initial decision on October 9, 2015, ID at 1, and the certificate of service reflects that the initial decision was sent to the appellant through email on the same day, IAF, Tab 10. In the initial decision, the administrative judge informed the parties that the initial decision would become the Board's final decision if neither party filed a petition for review by November 13, 2015. ID at 5; *see* 5 C.F.R. § 1201.113. The appellant filed a petition for review on December 9, 2015, nearly 1 month past the initial decision's finality date.[3] PFR File, Tab 1. In an acknowledgment letter, the Office of the Clerk of the Board informed the appellant that his petition for review was untimely filed and that he could file a motion with the Board to accept his filing as timely or to waive the time limit for good cause. PFR File, Tab 2 at 1-2.

¶6 In his motion to waive the time limit, the appellant argues that the Board should find good cause for his untimely filing because he has received new information regarding how to prove his preference-eligible status. PFR File, Tab 4 at 1. He alleges that a U.S. Senator's assistant told him that he meets one of the criteria for being a preference eligible by "sharing a special familiar [sic] relationship with a preference eligible." *Id*.; *see* 5 U.S.C. § 2108(3). He further claims that his wife is a preference eligible and submits copies of his wife's DD Form 214, Certificate of Release or Discharge from Active Duty, and a marriage certificate. PFR File, Tab 4 at 1, 3-4.

---

[3] According to the Board's regulations, the date of filing by mail where there is no legible postmark date is presumed to be 5 days (excluding days on which the Board is closed for business) before its receipt. 5 C.F.R. § 1201.4(*l*). Because the appellant's petition for review has no postmark and it was received by the Board by mail on December 16, 2015, we find the date of filing is December 9, 2015.

¶7   The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(f)-(g). To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8   We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. His nearly 1-month delay in filing is not insignificant. *See, e.g.*, *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay not minimal); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, 441 (2003) (finding a 13-day delay not minimal). Although the appellant's pro se status is a factor weighing in his favor, it is insufficient to excuse his untimeliness. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's 14-day, unexplained delay in filing a petition for review); *see also Wallace v. Department of Veterans Affairs*, 81 M.S.P.R. 88, ¶ 5 (finding that an appellant's inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiver of the filing deadline), *aff'd*, 217 F.3d 856 (Fed. Cir. 1999) (Table). His argument that he has received new information regarding how to prove his preference-eligible status is not a reasonable excuse and does not establish that he exercised due diligence or ordinary prudence in this case. PFR File, Tab 4 at 1. The appellant was informed below of the criteria for

showing preference-eligible status in the agency's motion to dismiss, which was referenced by the administrative judge in the show cause order. IAF, Tab 7 at 4-5, Tab 8 at 1; *see* 5 U.S.C. § 2108(3). Included in the agency's motion was the possibility of claiming preference eligibility based on a familial relationship. IAF, Tab 7 at 5. Further, the appellant has not demonstrated that the documents submitted on review were not readily available before the record closed below. PFR File, Tab 1 at 4, Tab 4 at 3-4; *see De Le Gal v. Department of Justice*, 79 M.S.P.R. 396, 399 (1998) (finding that the discovery of new evidence may establish good cause for the untimely filing of a petition for review if the appellant shows that it was not readily available before the record closed below and that it is of sufficient weight to warrant an outcome different from that of the initial decision), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table).

¶9      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.